MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE
v. BARNES.

4-5973 140 S. W. 2d 698

Opinion delivered May 27, 1940.

*T. B. Pryor* and *T. B. Pryor, Jr.,* for appellant.

*J. D. Benson, J. E. Yates* and *Partain & Agee,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $200 in favor of appellee against appellants rendered in the Ozark district of the circuit court of Franklin county, based upon the alleged negligence of an employee of appellants in carelessly and negligently placing a step box for the purpose of passengers getting off and on its train upon a rough and uneven surface so that when appellee attempted to alight from the train upon which he was traveling as a passenger the step box turned over causing appellee to fall on the depot platform constructed out of chat and injure his knee and ankle.

The allegation of negligence was denied and the cause proceeded to a trial upon the pleadings and testimony with the result above stated.

Appellants admit that appellee was a passenger on their train on the 7th day of October, 1938, en route from Clarksville to Ozark and that they owed him a high degree of care in transporting him to his destination in safety including getting him off and on the train. But notwithstanding these admissions, they contend there is no substantial evidence in the record tending to show they were negligent in placing the step box for passengers to alight from their north bound passenger train on the evening of October 7, 1938. When the train stopped for passengers to alight at Ozark the conductor as usual placed the step box on the depot platform constructed of chat near the entrance or exit of the passenger coach

for passengers to step on when getting off or on the train. The step box was not defective and when placed for use by the passengers was level. Seven passengers got out and used the step box in doing so. Some of the passengers were men and some women. Appellee was the last passenger to get off. According to the evidence of all the witnesses, except appellee, no one fell or was injured in getting out of the coach. All the witnesses including appellee, who observed or used the step box in getting off the coach, testified that it was setting level on the platform.

Appellee testified, in substance, as follows: That he looked where he was stepping and put his foot exactly on the top of the step box, and when he put his weight on the box it turned, and he fell in the chat and sprained his ankle and skinned his knee.

The following interrogatories propounded to him and his answers thereto appear in his testimony relative to the position of the step box:

"Q. What condition was it in?

"A. Setting on the level.

"Q. Was it turned over?

"A. I turned it over, yes, sir.

"Q. When you looked at it?

"A. When he set it back it was unlevel.

"Q. The conductor set it back?

"A. The conductor or porter.

"Q. Did he set it on level ground?

"A. No, sir, sideling ground."

Appellants argue that the effect of his testimony was that in getting off the train in the night time it appeared to him that the step box was setting in a level position, but that after he fell and was getting up, and after the conductor had picked up the box and reset it, it was setting in an unlevel position on a surface that was ridgy.

Appellee had alleged in his complaint that appellants were negligent in not having the platform sufficiently lighted, but the court ruled that appellee had not proved this alleged act of negligence. The court did this because the evidence showed that electric lights between the coaches or in the vestibule were shining down where the step box was setting and that the undisputed evidence showed that there were sufficient lights in and around the step box for any one to see it and the position it was in.

In view of the testimony that the platform was sufficiently lighted for any one to observe and see the step box, we can not place the construction upon appellee's testimony insisted upon by learned counsel. Appellee testified positively that he could see the step box, and that when he stepped on it is was setting in a level position. The act of negligence charged against appellants was to the effect that the step box was negligently placed in an unlevel position. In view of the fact that all the other witnesses who could observe and those who used it testified that the step box was setting in a level position at the time the passengers were getting off the train, and in view of the fact that appellee himself so testified, we think there was no substantial evidence tending to show that appellants were guilty of any act of negligence in placing the step box. The fact that after the box had turned over and appellee had fallen it was re-set by the conductor in an unlevel position was not proof that it was in an unlevel position when first placed by the conductor. We think there was an entire failure of appellee to establish the alleged act of negligence by his own evidence.

The evidence having been fully developed the judgment is reversed, and the cause is dismissed.